# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **CARSON WHICKER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:21CV00047 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **VIRGINIA EMPLOYMENT** ) | J‍UDGE J‍AMES P. J‍ONES |
| **COMMISSION, ET AL.,** ) | |
| ) | |
| ) | |
| Defendants. ) | |

*Carson Whicker, Pro Se Plaintiff; William W. Tunner, William D. Prince IV, and Rachel W. Adams,* T‍HOMPSON‍M‍C‍MULLAN*, P.C., Richmond, Virginia, for Defendants.*

The plaintiff, Carson Whicker, proceeding pro se, filed this action under 42 U.S.C. § 1983 alleging that his right to procedural due process under the Fourteenth Amendment was violated in connection with his claim for unemployment compensation benefits. The defendants, the Virginia Employment Commission (VEC) and its Commissioner Carrie Roth, sued in her official capacity, have filed a joint motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons that follow, I will deny the motion.

I.

The facts as alleged by the plaintiff or supplemented by uncontradicted matters of record, are as follows.[1]

The plaintiff filed for Pandemic Emergency Unemployment Compensation (PEUC) with the VEC on March 29, 2020. When the plaintiff did not receive an eligibility determination, he filed an administrative appeal. Whicker claims that following the advice of the VEC's policy director, he did not pursue the appeal. He then filed a claim for the separate Pandemic Unemployment Assistance (PUA) and received benefits until April 3, 2021, when the payments stopped.[2] After the plaintiff called the VEC to inquire, the VEC paid him an additional sum on May 4, 2021. The VEC stopped PUA payments on May 8, 2021. He received his last check on

---

[1] The defendants have submitted with their motion to dismiss a declaration setting forth the relevant history of the plaintiff's involvement with the VEC. Mem. Supp. Mot. Dismiss Ex. A, Pease Decl., ECF No. 23-1. The plaintiff does not dispute this history. While a motion under Rule 12(b)(6) ordinarily cannot be based on extrinsic evidence, I may take judicial notice of public records without converting the motion into a motion for summary judgment pursuant to Rule 12(d). Fed. R. Evid. 201(b); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (holding that in deciding 12(b)(6) motion, district court could take judicial notice of FDA's records concerning the approval process for the subject medical device.)

[2] PUA provided for up to 39 weeks of benefits to for persons who were unemployed due to COVID-19. PECU provided an extension of up to 13 weeks of benefits for persons who had exhausted other regular unemployment compensation benefits. VEC, *Federal Unemployment Benefits to End September 4*, https://www.vec.virginia.gov.node/13421 (last visited Apr. 18, 2023).

May 13, 2021. The plaintiff had expected to receive those payments through September 4, 2021, the expiration date of the COVID-related PUA program.

The plaintiff alleges that he "joined" a lawsuit so that the VEC would expeditiously resolve his claim for benefits.[3] That action raised issues regarding the VEC's backlog, lack of communication, slow adjudicatory process, and abrupt cessation of benefits. The VEC entered into a settlement agreement. Subsequently, the action was dismissed after a finding that the VEC made satisfactory progress in reducing its backlog of unemployment benefit adjudications, resolved benefit cutoffs, and improved communications with plaintiffs.

The plaintiff filed a pro se Complaint in this court on November 29, 2021, asserting that the VEC had failed to resolve his claim for benefits. Following that filing, one of the VEC's deputies conducted a fact-finding interview with the plaintiff to determine his eligibility. On December 13, 2021, the deputy issued a written decision denying the plaintiff's benefits effective October 11, 2020, on the ground that he did not have a COVID-related separation from his employment. The plaintiff administratively appealed the decision, and that appeal is still pending. The

---

[3] Although the plaintiff did not identify the action, it is *Cox v. Hess*, No. 3:21-cv-00253-HEH, 2021 WL 4059723 (E.D. Va. May 25, 2021) (approving settlement). The case was eventually dismissed by agreement. *Id.*, Agreed Order of Dismissal (Jan. 6, 2022), ECF No. 56. While the plaintiff may have been a member of a putative class, it does not appear that there was any class determination made in the case.

plaintiff contends that he has a second appeal pending, although the information from the VEC does not so indicate.

On June 1, 2022, the plaintiff filed an Amended Complaint in this action seeking, among other amounts, payment for benefits he did not receive from May 13, 2021, to September 4, 2021. The defendants filed a Motion to Dismiss, and the plaintiff responded to the motion. The defendants submitted a reply, and the matter is now ripe for decision.[4]

Construing the plaintiff's amended complaint liberally, as I am required, he contends that his due process rights have been violated by the delay in adjudicating his claim.

II.

Virginia's unemployment compensation system is part of a cooperative federal-state program. *Watkins v. Cantrell*, 736 F.2d 933, 937 (4th Cir. 1984). Congress intended for the program to provide emergency substitute wages to workers who lost their jobs through no fault of their own until they could find new employment. *Cal. Dep't of Human Res. Dev. v. Java*, 402 U.S. 121, 130 (1971). The federal Coronavirus Aid, Relief, and Economic Security (CARES) Act was signed into law

---

[4] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

on March 27, 2020. The CARES Act expanded the states' ability to provide unemployment benefits with federal funds for many workers impacted by COVID-19, including for workers who were not ordinarily eligible for unemployment benefits. The CARES Act provided for the two programs relevant here, PUA and PEUC.

The Virginia Unemployment Compensation Act sets forth the procedures for resolving claims under these federal programs. After a claimant files an initial claim, the VEC seeks information from the claimant's last employer regarding the claimant's employment and separation. Va. Code Ann. § 60.2-528.1(B). A VEC deputy examines the claim, speaks with the claimant and the employer, determines if the claimant is eligible for benefits and then informs the claimant and the employer of the decision.

If the VEC issues an ineligibility determination to the claimant, then the claimant may file an administrative appeal, which is heard by a VEC's Appeal Examiner. VEC, *Handbook for Claimants, Appeal Rights*, https://www.vec.virginia.gov/unemployed/Claimant-Handbook/Claimant-Handbook/Appeal-Rights (last visited Apr. 18, 2023).[5] Once a claimant has exhausted the VEC's internal

---

[5] As the Handbook states:

> Q: What happens at an appeal hearing?

appellate process, judicial review is appropriate. A claimant has thirty days to appeal a decision to a state circuit court. Va. Code Ann. § 60.2-625.

## III.

The defendants move to dismiss the plaintiff's action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). They first challenge this court's subject-matter jurisdiction under Rule 12(b)(1) on the ground that the plaintiff's claim for relief is moot since there has been a VEC deputy's decision in the matter. Alternatively, the defendants contend that the plaintiff has failed to exhaust his administrative and state court review of the denial of his claim because his administrative appeal is still pending. Finally, it is argued under Rule 12(b)(6) that the Amended Complaint does not state a claim for relief because (1) the plaintiff has not adequately alleged the elements of a constitutional violation and (2) the VEC is immune from claims for monetary damages.

---

A: You and your former employer, if appropriate, will have the opportunity to participate in the hearing, give testimony under oath, and present witnesses and documents to support your case. An attorney may represent you, or someone else authorized to act on your behalf. Any such arrangements for representation are your responsibility. You and your representative have the right to question any witness testifying against you. The Appeals Examiner records the testimony. The Appeals Examiner will issue a written decision to all affected parties. If you fail to participate in the hearing or miss a filing deadline because you failed to notify the VEC of an address change, the hearing will not be rescheduled, nor will the filing deadline be extended.

Moot cases leave courts without a case or controversy to adjudicate because the matter has been resolved. *Grimm v. Gloucester Cnty. Sch. Bd.*, 869 F.3d 286, 290 (4th Cir. 2017) (citing *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964)). Although the plaintiff filed administrative appeals with the VEC over a year ago, an Appeals Examiner has not conducted a hearing or issued a decision. The VEC's inaction, resulting in the absence of a hearing and final decision, leaves the plaintiff without a path to seek judicial review in state court.

The state code does provide a process for judicial review after an adverse administrative determination that would afford the plaintiff due process. Va. Code Ann. § 60.2-625. The plaintiff has availed himself of this administrative process, appealing the initial adverse decision but the VEC Hearing Examiner has yet to conduct a hearing and render a decision. Administrative procedure may not be used to evade deciding a federal question, such as a purported violation of the Constitution. *NAACP v. Alabama*, 357 U.S. 449, 457–58 (1958) (holding a state court may not prescribe a procedure and then claim that failure to comply with those procedures precludes review).

Procedural due process requirements can vary, "depending upon the importance of the interests involved and the nature of the subsequent proceedings." *Fusari v. Steinberg*, 419 U.S. 379, 389 (1975) (internal quotation marks and citation omitted). The defendants argue that the plaintiff failed to properly plead a

cognizable procedural due process claim. Specifically, the defendants contend that the plaintiff has failed to adequately allege that he has been deprived of a property interest without due process of law. The right to unemployment compensation benefits has been held to be a property interest. *Brewer v. Cantrell*, 622 F. Supp. 1320, 1327 (W.D. Va. 1985).

Under the circumstances, I do not find it appropriate to dismiss the plaintiff's case at this point. Of course, I make no assumption as to the future, but in accord with my obligation to treat liberally a pro se plaintiff's pleadings, I find that the action may continue at this point.

Finally, the defendants move to dismiss based on their immunity for monetary damages under the Eleventh Amendment to the Constitution as arms of the Commonwealth. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). However, prospective injunctive relief may be available and is not barred by such immunity. *Ex Parte Young*, 209 U.S. 123, 159–60 (1908). That exception, however, is only available to suits against state officials, and not state agencies, which retain immunity. *Biggs v. N.C. Dep't of Public Safety*, 953 F.3d 236, 242 (4th Cir. 2020). Accordingly, I will dismiss the VEC, while retaining as the sole defendant the Commissioner.

- 9 -

IV.

For these reasons, the Motion to Dismiss, ECF No. 22, is GRANTED IN PART and DENIED IN PART.  It is GRANTED as to defendant Virginia Employment Commission and said defendant is DISMISSED.  The Motion to Dismiss is otherwise DENIED.

It is so **ORDERED**.

ENTER:  April 18, 2023

/s/  JAMES P. JONES
Senior United States District Judge