# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **CARSON WHICKER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21CV00047 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **VIRGINIA EMPLOYMENT** | ) | JUDGE JAMES P. JONES |
| **COMMISSION, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

*Carson Whicker, Pro Se Plaintiff; William W. Tunner, William D. Prince IV, and Rachel W. Adams,* THOMPSONMCMULLAN, *P.C., Richmond, Virginia, for Defendant.*

The self-represented plaintiff, Carson Whicker, filed this action under 42 U.S.C. § 1983, alleging that his right to procedural due process under the Fourteenth Amendment was violated in connection with his claims for unemployment compensation benefits. The defendant Commissioner of the Virginia Employment Commission (VEC), sued in his official capacity, has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] For the reasons that follow, I will grant the motion.

---

[1] The present Commissioner, recently appointed, is Demetrios "Mitch" Melis. *Gov. Younkin shakes up Virginia's state labor agencies*, ABC 8 News, Sept. 29, 2023, https://www.wric.com/news/virginia-news/gov-youngkin-shakes-up-virginias-state-labor-agencies/. The new Commissioner is automatically substituted as the defendant in his official capacity in place of Carrie Roth, the prior Commissioner. Fed. R. Civ. P. 25(d). I previously dismissed the action against the VEC and allowed the case to proceed against

I.

The facts as alleged and as supplemented by uncontradicted matters of record, are as follows.[2]

Mr. Whicker filed a claim for regular unemployment compensation effective November 3, 2019, through October 31, 2020. His application was granted, and he received that benefit. He thereafter filed a claim for Pandemic Emergency Unemployment Compensation (PEUC) effective March 29, 2020. That claim was denied. He also filed a claim for Pandemic Unemployment Assistance (PUA) benefits.[3] His claim was initially delayed but eventually granted and he was paid benefits. On May 8, 2021, his payments were stopped and on September 24, 2021, and December 13, 2021, the VEC issued decisions finding him ineligible for benefits. Mr. Whicker filed first-level administrative appeals of these decisions. On

---

the Commissioner only as to prospective injunctive relief. *Whicker v. Va. Emp. Comm'n*, No. 1:21CV00047, 2023 WL 2987586, at *3 (W.D. Va. Apr. 18, 2023).

[2] The Commissioner has submitted with the Motion to Dismiss a declaration reciting the relevant history of the plaintiff's involvement with the VEC. Mem. Supp. Renewed Mot. Dismiss Ex. A, Pease Decl., ECF No. 37-1. The plaintiff does not dispute that procedural history.

[3] PUA provided for benefits to persons who were unemployed due to COVID-19 and not eligible for regular unemployment benefits. PECU provided an extension of benefits for persons who had exhausted other regular unemployment compensation benefits. Va. Emp. Comm'n, *Important information concerning federal benefits provided for by the CARES Act and other subsequent legislation,* vec.virginia.gov/node/13421.

November 29, 2021, Mr. Whicker filed the present suit to compel the VEC to process these first-level administrative appeals.  On June 1, 2022, he filed an Amended Complaint seeking payment for the weeks when he did not receive PUA benefits.  He also requested additional monetary damages.

Finally, on January 26, 2023, an Appeals Examiner affirmed the ineligibility determinations.  The plaintiff had thirty days to file a second-level appeal to the VEC Commissioner.  If he had received an adverse decision in this second-level appeal, he could have sought judicial review in state court.  However, the plaintiff chose not to proceed further with the administrative process.

## II.

While I find that all of the grounds of the Motion to Dismiss are sufficient,  I need only rely on the defense of Eleventh Amendment immunity.

The Eleventh Amendment to the Constitution provides as follows: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. Const. amend. XI.   The Supreme Court has held that "[a]lthough by its terms the [Eleventh] Amendment applies only to suits against a State by citizens of another State, our cases have extended the Amendment's applicability to suit for damages by citizens against their own States." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363

(2001).  Moreover, this immunity applies not only to the state itself, but also to state agencies and state officials sued in their official capacities, as arms of the state.  *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).

As I have noted in my prior decision in this case, this immunity does not ordinarily apply where the plaintiff is only seeking prospective injunctive relief, such as an order directing payment of benefits.  *Whicker*, 2023 WL 2987586, at 3.  But an award of compensatory damages is barred and based on the plaintiff's present claim, the court must grant the Motion to Dismiss.

### III.

For these reasons, it is **ORDERED** that the Motion to Dismiss, ECF No. 36, is GRANTED.  A separate final order will be entered herewith.

ENTER:  December 17, 2023

/s/  JAMES P. JONES
Senior United States District Judge